IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALTER C. MILLER, | : | CIVIL NO. 1:12-CV-1773 |
| | : | |
| Petitioner, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MARY SABOL, et al., | : | |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case

This case, which was transferred to this Court by the United States District Court for the Eastern District of Pennsylvania, on September 6, 2012, presents a petition for writ of habeas corpus filed by Walter Miller, a state inmate.  (Doc. 1.) Miller's petition, which was initially filed with the United States District Court for the Eastern District of Pennsylvania on June 29, 2012, recites that Miller was charged in 2010 in York County, Pennsylvania with simple assault and harassment. (Id.) According to the petition, Miller pleaded guilty to this offense in January 2011, and was initially sentenced in March 2011.  (Id.)  It appears from Miller's petition and the state court docket in this case that Miller initially received a probationary sentence since Miller alleges that later in February of 2012, he was re-sentenced following a probation violation. (Id.)

Miller's petition candidly acknowledged that he may have been regarded as a difficult Defendant, stating that: "My attorney said I was an asshole and that I need to stay the Hell out of the law library . . . . " (Id., ¶9.) Miller's petition also expressly states that he never exhausted his state post-conviction remedies with respect to this state guilty plea conviction and subsequent probation revocation. Thus, Miller plainly states that he never pursued a direct appeal of this conviction, and never fully exhausted his legal remedies under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541, et seq. (Id.) Miller's petition, therefore, presents us with the paradigm of an unexhausted federal habeas corpus petition, a petition whose claims have not been properly presented and preserved in the state courts.

Since the Petitioner has not satisfied this threshold legal requirement prescribed by statute by exhausting his state remedies before proceeding into federal court, we submit that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.   Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

In order to obtain federal habeas corpus relief, a state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief. At the outset, a petition must satisfy exacting substantive standards to warrant relief. Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States."  28

U.S.C. § 2254(a).   By limiting habeas relief to state conduct which violates "the

Constitution or laws or treaties of the United States," § 2254 places a high threshold

on the courts.   Typically, habeas relief will only be granted to state prisoners in those

instances where the conduct of state proceedings led to a "fundamental defect which

inherently results in a complete miscarriage of justice" or was completely inconsistent

with rudimentary demands of fair procedure.  See, e.g., Reed v. Farley, 512 U.S. 339,

354 (1994).   Thus, claimed violations of state law, standing alone, will not entitle a

petitioner to § 2254 relief, absent a showing that those violations are so great as to be

of a constitutional dimension.  See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir.

2004).

       Furthermore, state prisoners seeking relief under Section 2254 must also satisfy

specific, and precise, procedural standards.  Among these procedural prerequisites is

a requirement that the petitioner " has exhausted the remedies available in the courts

of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b).   Section

2254's exhaustion requirement calls for total exhaustion of all available state remedies.

Thus, a habeas petitioner "shall not be deemed to have exhausted the remedies

available in the courts of the State, within the meaning of this section, if he has the

right under the law of the State to raise, by any available procedure, the question

presented." 28 U.S.C. § 2254(c).  In instances where a state prisoner has failed to exhaust the legal remedies available to him in the state courts, federal courts typically will refuse to entertain a petition for habeas corpus.  See Whitney v. Horn, 280 F.3d. 240, 250 (3d Cir. 2002).

This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).  As the Supreme Court has aptly observed:  "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation.   Rose v. Lundy, 455 U.S. 509, 518 (1982).   Requiring exhaustion of claims in state court also promotes the important goal of ensuring that a complete factual record is created to aid the federal courts in their review of a § 2254 petition. Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995).  A petitioner seeking to invoke the writ of habeas corpus, therefore, bears the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, and the claims brought in federal court must be the "substantial equivalent" of those presented to the state courts.  Evans v. Court of Common Pleas, 959 F.2d 1227, 1231 (3d Cir. 1992);

<u>Santana v. Fenton</u>, 685 F.2d 71, 73-74 (3d Cir. 1982).  A petitioner cannot avoid this responsibility merely by suggesting that he is unlikely to succeed in seeking state relief, since it is well-settled that a claim of "likely futility on the merits does not excuse failure to exhaust a claim in state court."  <u>Parker v.Kelchner</u>, 429 F.3d 58, 63 (3d Cir. 2005).

A necessary corollary of this exhaustion requirement is the procedural default doctrine which applies in habeas corpus cases.  Certain habeas claims, while not exhausted in state court, may also be incapable of exhaustion in the state legal system by the time a petitioner files a federal habeas petition because state procedural rules bar further review of the claim.  In such instances:

> In order for a claim to be exhausted, it must be "fairly presented" to the state courts "by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844-45, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If a claim has not been fairly presented to the state courts and it is still possible for the claim to be raised in the state courts, the claim is unexhausted. . . .
>
> If a claim has not been fairly presented to the state courts but state law clearly forecloses review, exhaustion is excused, but the doctrine of procedural default may come into play.  A procedural default occurs when a prisoner's federal claim is barred from consideration in the state courts by an "independent and adequate" state procedural rule.  Federal courts may not consider the merits of a procedurally defaulted claim unless the applicant establishes "cause" to excuse the default and actual "prejudice" as a result of the alleged violation of the federal law or unless the applicant demonstrates that failure to consider the claim will result in

a fundamental "miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).

<u>Carpenter v. Vaughn</u>, 296 F.3d 138, 146 (3d Cir. 2002)(citations omitted).

"[A] federal court will ordinarily not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus '[o]ut of respect for finality, comity, and the orderly administration of justice.' This is a reflection of the rule that 'federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds'." <u>Hubbard v. Pinchak</u> ,378 F.3d 333, 338 (3d Cir. 2004)(citations omitted). Given these concerns of comity, the exceptions to the procedural default rule, while well-recognized, are narrowly defined. Thus, for purposes of excusing a procedural default of a state prisoner seeking federal habeas relief, "[t]he Supreme Court has delineated what constitutes 'cause' for the procedural default: the petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" <u>Werts v. Vaughn</u>, 228 F.3d 178, 192-193 (3d Cir. 2000)(citations omitted). When examining the second component of this "cause and prejudice" exception to the procedural default rule, it is clear that:

> With regard to the prejudice requirement, the habeas petitioner must prove " 'not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.' " This standard essentially requires the petitioner to show he was denied

"fundamental fairness" at trial. In the context of an ineffective assistance claim, we have stated that prejudice occurs where "there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different."

Id. at 193 (citations omitted).

Similarly, the "miscarriage of justice" exception to this procedural bar rule is also narrowly tailored, and requires a credible assertion of actual innocence to justify a petitioner's failure to comply with state procedural rules. Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004).

Here, on the face of Miller's petition it is evident that the Petitioner has not met §2254's exhaustion requirement. Indeed, Miller admits as much in his pleading, which states that he has not completed either direct appeals or post-conviction litigation of these matters in state court. Moreover, Miller has provided no justification or excuse for this wholesale failure to exhaust his state legal remedies which would warrant foregoing the exhaustion requirement that is plainly prescribed by law. Therefore, Miller's failure to exhaust these state remedies should not be excused, and his petition for writ of habeas corpus should be dismissed without prejudice to the re-filing of this petition once Miller attempts to fully exhaust his state remedies.[1]

---

[1]Because Miller has not yet endeavored to fully exhaust his state remedies we do not need to address at this time the issue of whether he has suffered a procedural default due to his prior failure to seek relief in state court. That question should await completion of any state proceedings.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, upon consideration of this Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and the Response in Opposition to this Petition, IT IS RECOMMENDED that the Petition be DISMISSED, without prejudice, and that a certificate of appealability should not issue.   The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 7th day of September, 2012.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge